UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

| | |
|---|---|
| JAMES GOCEL,<br><br>    Plaintiff,<br><br>v.<br><br>EAST GEORGIA REGIONAL MEDICAL CENTER, LLC,<br><br>    Defendant. | **Civil Action File No.** |

# COMPLAINT

Plaintiff James Gocel ("Mr. Gocel") states his complaint against the above-named Defendant as follows.

1. This is a complaint for interference and retaliation in violation of the Family and Medical Leave Act, 29 U.S.C. § 2601, *et seq.* (the "FMLA").

2. This Court has jurisdiction over Mr. Gocel's claims, and venue is proper in this Court.

3. Defendant East Georgia Regional Medical Center, LLC ("EGRMS") is a Georgia limited liability company that conducts business in the State of Georgia. EGRMC operates a hospital in Statesboro, Georgia. EGRMC's registered agent is Corporation Service Company located at 2 Sun Court,

- 2 -

Suite 400, Peachtree Corners, Georgia 30092.

4. Mr. Gocel began employment with EGRMC as a lab assistant on July 15, 2019.

5. One of Mr. Gocel's children has a medical condition that qualifies as a serious health condition under the FMLA.

6. Beginning on or about July 23, 2020, Mr. Gocel took leave from work to care for his child. Mr. Gocel informed his supervisor of his need for leave and the reason for his leave.

7. Under its personnel policies, EGRMC routinely allows employees to take non-FMLA personal leave of up to 90 days.

8. Defendant terminated Mr. Gocel on August 6, 2020 due to his need for leave from work.

9. Mr. Gocel worked more than 1,250 hours for EGRMC during the 12-month period preceding July 23, 2020.

10. During the calendar years 2019 and 2020, EGRMC employed 50 or more employees within 75 miles of its hospital in Statesboro, Georgia.

11. FMLA Interference Claim - Defendant violated the FMLA by (1) failing to notify Mr. Gocel of his FMLA rights after learning of his need for leave, (2) failing to allow Mr. Gocel FMLA leave, and (3) terminating Mr. Gocel's

employment instead of permitting him to take FMLA leave.

12. FMLA Retaliation Claim – Defendant also violated the FMLA by terminating Mr. Gocel's employment due to his need for FMLA leave. More specifically, under its personnel policies, Defendant routinely allows employees up to 90 days of personal, non-FMLA leave. However, Defendant terminated Mr. Gocel's employment after just 14 days of FMLA-qualifying leave.

Based on the above facts, Mr. Gocel requests a jury trial on all triable issues and asks the Court for the following relief: back pay, liquidated damages as permitted by the FMLA, front pay, prejudgment interest, litigation costs, attorneys' fees, and other relief deemed appropriate by the Court.

Respectfully submitted on June 28, 2021.

**Regan Keebaugh**
Georgia Bar No. 535500
Radford & Keebaugh, LLC
315 W. Ponce de Leon Ave., Suite 1080
Decatur, Georgia 30030
T: (678) 271-0300
F: (678) 271-0311
regan@decaturlegal.com